UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FINIS A. SMITH | ) | CASE NO. 04-33122 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

### MEMORANDUM

This matter comes before the Court on the debtor's Motion to Reconsider and Vacate September 30, 2005 Order Allowing BellSouth and Cambron to Proceed Against Insurance Company. BellSouth opposed the motion.

**I.     FINDINGS OF FACT**

In June 2003, the debtor was involved in an automobile accident with a truck owned by BellSouth and driven by Thomas Cambron. Katie Smith, the debtor's spouse, brought suit in Washington Circuit Court for injuries she suffered as a result of the accident. While this state court action was pending, the debtor filed this Chapter 7 case on May 18, 2004. BellSouth was not listed as a creditor, nor given notice of the bankruptcy proceeding. Without knowledge of the bankruptcy, BellSouth sought and received leave from the state court to file a third party complaint against the debtor for his role in the June 2003 accident. A third party complaint was filed against the debtor on August 24, 2004.

The bankruptcy 341 meeting of creditors was held on June 29, 2004. Thereafter the Chapter 7 trustee filed his report of no distribution, indicating the case would be treated as a no-asset Chapter 7 case. Subsequently, the debtor received his discharge on August 31, 2004, and the bankruptcy case was closed on that date.

Three months later, on December 6, 2004, the debtor moved to dismiss the third part

complaint against him arguing BellSouth's action was barred by the discharge injunction imposed by 11 U.S.C. § 524. BellSouth countered that the suit should continue, if only to the extent of any insurance coverage that would have covered any liability on his part. On May 24, 2005, Washington Circuit Court granted the debtor's motion and dismissed BellSouth's third party complaint concluding the discharge required dismissal.

Three months after the dismissal, on August 24, 2005, BellSouth moved to reopen this case to obtain permission from this Court to proceed with its state court claim against the debtor to the extent of his insurance coverage. The Court issued an order reopening the bankruptcy case on August 25, 2005. Thereafter, on September 27, 2005, BellSouth filed its Motion to Proceed Against Insurance Company. In this motion, BellSouth sought authority to pursue its claim against the debtor arguing in the alternative that either its claim was not discharged in the bankruptcy due to the fact it were not properly listed or scheduled, or it should be allowed to proceed to the against the debtor to the extent of the debtor's insurance coverage.

The Court granted this motion by order entered on September 30, 2005. The order provided that BellSouth "is hereby allowed to proceed against the Debtor in Washington Circuit Court, Civil Action 03-CI-00080, to the extent that insurance coverage exists." It is this order to which the debtor now seeks reconsideration.

In his motion to reconsider and vacate, the debtor makes essentially two arguments. First, the debtor argues that the issue of whether BellSouth can proceed against his insurance coverage is governed by the Sixth Circuit case, *In re White Motor Credit*, 761 F.2d 270, 274-75 (6 Cir. 1985). The debtor contends the *White Motor Credit* case stands for the proposition that it is impermissible to pursue insurance coverage after the debtor receives a discharge. Secondly, the debtor argues that BellSouth should not be allowed to proceed under the doctrine of laches. According to the debtor,

BellSouth waited nearly one year after the discharge before seeking this relief.

In its response to the motion to reconsider and vacate, BellSouth points out several cases within this circuit which have allowed claimants to proceed against insurance coverage, notwithstanding the debtor's discharge. Furthermore, with respect to the laches argument, BellSouth argues that any delay resulted from the debtor failing to properly schedule it and also from the state court's six month delay in ruling on the motion to dismiss.

## II.    CONCLUSIONS OF LAW

The Court first addresses the laches argument. The debtor contends the Court should reconsider its order allowing BellSouth to proceed due to its alleged procrastination in pursuing this matter. The Court cannot agree with the debtor's argument. BellSouth did not procrastinate and attended to this matter with due diligence. Any delays involved in the case cannot be placed on BellSouth's shoulders. Furthermore, the debtor failed to demonstrate any prejudice which resulted from BellSouth's alleged procrastination. Laches is an equitable argument that fails in this scenario.

Turning to the debtor's other argument, the Court considers whether the discharge injunction provided in 11 U.S.C. § 524 prohibits a creditor from nominally pursuing the debtor in state court in order to recover from a third party insurer. It is clear to this Court that it does not. While this Court acknowledges the holding in the *White Motor Credit* case cited by the debtor, that case can easily be distinguished from the case at bar. *White Motor Credit* concerned a Chapter 11 reorganization while this case concerns a Chapter 7 liquidation. This Court finds the analysis of Judge Richard Stair, Jr., in the *In re Patterson* case, 297 B.R. 110 (Bankr. E.D. Tenn. 2003) to be persuasive. In *Patterson*, Judge Stair explained that a Chapter 7 discharge does not eradicate the liability of a third party insurer. Indeed, only the debtor in the bankruptcy case is entitled to the benefits of a bankruptcy discharge. *See also In re Schultz*, 251 B.R. 823, 828 (Bankr. E.D.

Tex.2000) (holding that while the discharge injunction protects a discharged debtor from being adjudged personally liable, it does not "preclude a determination of [a] debtor's liability on the basis of which indemnification would be owed by another party."). Consequently, a creditor may name a discharged debtor in a subsequent state court suit to determine the extent of that debtor's liability. The discharge injunction bars collection against that debtor and any monetary recovery will emanate from the debtor's insurer whose obligations are not eliminated by the debtor's discharge. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| ) | |
| FINIS A. SMITH ) | CASE NO. 04-33122 |
| ) | CHAPTER 7 |
| Debtor(s) ) | |
| _____) | |

## **ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the debtor's Motion to Reconsider and Vacate September 30, 2005 Order Allowing BellSouth and Cambron to Proceed Against Insurance Company is **OVERRULED.**